UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PAUL S. HOLLAND | : | CIVIL ACTION NO. 2:13-cv-489 |
| VERSUS | : | JUDGE MINALDI |
| DAVID WADE CORRECTIONAL CENTER | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is an application for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 filed on behalf of Paul S. Holland (hereafter "petitioner"). Doc. 1. Petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections and he is currently incarcerated at David Wade Correctional Center in Homer, Louisiana. *Id.* at 2.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the application be **DENIED.**

### I. FACTS & PROCEDURAL HISTORY

**A. Guilty Pleas and Direct Appeal**

In 2006 petitioner was charged with multiple counts of sexual battery and molestation of a juvenile. *See* doc. 1, p. 1; doc. 14, p. 5. The charges involved three victims and criminal proceedings were concurrently initiated in the 38th Judicial District Court for Cameron Parish, Louisiana, and the 14th Judicial District Court for Calcasieu Parish, Louisiana. Doc. 1, p. 1; *see also* doc. 4, p. 14. Petitioner hired attorney Walter M. Sanchez (hereafter, "Sanchez") to represent him in both cases. Doc. 1, p. 1.

On October 26, 2006, petitioner pled guilty to three counts of sexual battery in the Cameron Parish matter. Doc. 1, att. 2. The remaining Cameron charges were dismissed pursuant to a negotiated plea agreement. *Id.*; *see also* doc. 14, p. 5. The plea agreement included a joint sentencing recommendation executed by Sanchez and the Cameron Parish District Attorney that provided petitioner would be sentenced to eight years on the first charge, seven years on the second charge, and another seven years on the third charge, each sentence to run consecutively for a total of twenty-two years. Doc. 14, p. 6; doc. 1, p. 1. On November 13, 2006, the court accepted the recommendation and sentenced petitioner to twenty-two years imprisonment. Doc. 1, att. 3.

On November 22, 2006, petitioner pled guilty to two counts of sexual battery in Calcasieu Parish. Doc. 1, att. 4. Pursuant to a negotiated plea agreement all remaining Calcasieu charges were dismissed. *Id.* The Calcasieu plea agreement also included a joint sentencing recommendation that petitioner be sentenced to four years on each charge, each sentence to run consecutively with each other but concurrently with the sentence already imposed in Cameron Parish. Doc. 14, p. 6. Plaintiff was sentenced on February 23, 2007. The Calcasieu Parish court did not accept the recommendation but instead sentenced petitioner to four years on each charge, each sentence to run consecutively with the other *and* to the twenty-two year Cameron sentence resulting in a combined sentence of thirty years. Doc. 1, att. 5; doc. 1, p. 1.

Petitioner appealed only the Calcasieu sentence on the grounds that it was excessive. Doc. 1, p. 2; *see also* doc. 2. On December 5, 2007, the Louisiana Third Circuit Court of Appeal affirmed holding that "the trial court demonstrated particular justification for ordering that Defendant's sentences run consecutively to the Cameron Parish sentences, and thus, its doing so was not an abuse of discretion." *State v. Holland*, 970 So. 2d 1263, 1267 (La. App. 3 Cir. 2007).

Petitioner then appealed to the Louisiana Supreme Court, which denied writs on May 30, 2008. *State v. Holland*, 983 So. 2d 896 (La. 2008). Sanchez's representation then ended and petitioner retained his current counsel. Doc. 1, p. 2.

**B. State Collateral Review**

On May 21, 2010, petitioner filed an Application for Post-Conviction Relief/Motion to Correct Illegal Sentence in Cameron Parish. Doc. 3, att. 3. Petitioner argued therein that his guilty plea and resulting sentence in Cameron Parish were invalid based on Sanchez's ineffective assistance of counsel. *Id.* Plaintiff complains that Sanchez erroneously advised him that he would be eligible for diminution of sentence for good behavior if he entered a guilty plea and would serve about eighty-five percent of the twenty-two years. Doc. 3, att. 3, p. 1. In so advising petitioner, Sanchez overlooked Louisiana Revised Statute Section 15:537, which states that if a person pleads guilty to certain sex crimes, including sexual battery, that person "shall not be eligible for diminution of sentence for good behavior."[1] La. R.S. § 15:537 (2006), (current version at La. R.S. § 15:537 (2012)); *see also* doc. 4, p. 15. Prison staff informed petitioner of his ineligibility for sentence diminution shortly after petitioner was incarcerated (apparently sometime in "late November 2006," Doc. 4, p. 45) and petitioner immediately brought the mistake to Sanchez's attention.[2] Doc. 4, pp. 15–16. Petitioner argued that he would never have pleaded guilty had he known he was ineligible for good-time diminution. Doc. 3, att. 3, p. 2.

---

[1] The version of the statute effective at the time of petitioner's conviction stated that good-time diminution would not be available for any person convicted of or pleading guilty to "any provision of Subpart C of Part II of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950." La. R.S. § 15:537 (2006), (current version at La. R.S. § 15:537 (2012)). That Subpart includes La. R.S. § 14:43.1, the statute under which petitioner pleaded guilty.

[2] Sanchez has consistently admitted this mistake. In a sworn affidavit attached to the postconviction relief application, Sanchez stated that he "believed defendant would be entitled to diminution of sentence for good time . . . at the time of sentencing" and that he "communicated this erroneous belief to the defendant who then relied to his detriment on this information in deciding to enter a plea of guilty . . . ." Doc. 3, att. 3, p. 4. Sanchez further stated that he "did not discover he had communicated incorrect advice to the defendant until after sentencing of the defendant." *Id.*

The State argued that the application was untimely under Louisiana Code of Criminal Procedure article 930.8 which requires an application for post-conviction relief to be filed within two years from the date on which a conviction becomes final.[3] LA. CODE CRIM. PROC. ANN. art. 930.8 (West 2008). Petitioner responded that the reason for the three and one-half year delay was that Sanchez (who represented petitioner for most of that period) only appealed the Calcasieu sentence and never advised petitioner as to his options for attacking the Cameron sentence. *Id.* at 3. Thus, according to petitioner, his postconviction relief application was timely under the statutory exception allowing for filing beyond the two-year time limitation when "the facts upon which the claim is predicated were not known to the petitioner or his attorney." LA. CODE CRIM. PROC. ANN. art 930.8(A)(1) (West 2008).

A hearing on the application was held September 14, 2010. Doc. 1, p. 4; *see also* doc. 4. At the hearing petitioner introduced a letter written by Sanchez dated September 7, 2007. Doc. 4, p. 18. The letter consists of a series of responses to petitioner's specific questions regarding his case. *Id.*; *see* also doc. 3, att. 2. In one inquiry petitioner asked Sanchez: "[i]s there any course of action on the basis that both the Cameron DA, Calcasieu DA, and you were under the impression that I would get good time when in reality I don't?" Doc. 3, att. 2, p. 2; *see also* doc. 4, p. 22. Sanchez responded as follows:

> Though we were all three under the impression that you would receive good time at the time you entered your plea in Cameron, the Cameron sentence is not our problem. The court in Calcasieu was aware of that issue at the time you were sentenced in Cameron, that is, that you were going to serve a longer

---

[3] Petitioner was sentenced in Cameron Parish on November 13, 2006. Doc. 1, att. 3. He did not file any appeal or application for collateral review of the Cameron sentence until May 21, 2010. Doc. 3, att. 3. Under Louisiana law the delay for appealing the Cameron Parish sentence would have elapsed thirty days later on December 13, 2006. LA. CODE CRIM. PROC. ANN. Art. 916. Because he did not file an appeal petitioner's conviction became final December 13, 2006.

> sentence than we and the prosecution anticipated as a result of your Cameron plea.
>
> The second sentencing judge has the discretion to sentence you either concurrently or consecutively to the time previously imposed and, with knowledge of the full import of the Cameron sentence, [the Judge] chose to sentence you to consecutive sentences.
>
> The sentences actually imposed for the Calcasieu Parish counts are well within the range for each offense and, given that those offenses occurred on different dates and involved different complainants, I do not believe that the Court of Appeals will find that the requirement that these two sentences be served consecutively to each other rather than concurrently as recommended by all parties constitutes manifest error. Our hope is that the total sentences in both Parishes will be run concurrently.

Doc. 3, att. 2, p. 2; *see also* doc. 4, pp. 22–23. Petitioner argued that his failure to file for postconviction relief in Cameron Parish was a result of his detrimental reliance on this response.[4] Doc. 4, p. 95.

On October 14, 2010, the court denied petitioner's application as time barred. Doc. 5. The court reasoned that petitioner knew of his ineligibility for good-time diminution at the very latest on February 23, 2007, when he was sentenced in Calcasieu Parish because the sentencing Judge so advised petitioner on the record. *Id.* at 4–5. The court stated that

> [d]efendant attempts to justify his delay because he did not know he had a remedy until February or March of [2010]. But he fails to explain his delay from May 30, 2008, (when the Louisiana Supreme Court denied writs regarding his appeal of his Calcasieu sentence) until the time he contacted his current counsel. Thus, defendant's application of La. C.Cr.P. Article 930.8A(1) is misplaced. His Application for Post Conviction Relief was not filed until May 21, 2010, more than three years after his actual knowledge of the "facts" that he now complains.

Doc. 5, p. 3. The court also denied petitioner's request for an out-of-time appeal of the Cameron sentence, holding that "defendant's delay benefits himself while it is detrimental to the state" as one of the victims had died in November of 2009. *Id.*

---

[4] Sanchez testified at the hearing that he did not advise petitioner regarding the ability to file a motion to withdraw his guilty plea or the possibility of collateral review based on ineffective assistance of counsel. Doc. 4, pp. 22–23. Sanchez stated that he "should have communicated" these options. *Id.* at 23–24.

The court likewise denied petitioner's motion to correct illegal sentence. *Id.* at 4–6. In so doing, the court adopted the Louisiana First Circuit Court of Appeal's holding in *State ex. rel Chauvin v. State of Louisiana*, 814 So. 2d 1, 2–3 (La. App. 1 Cir. 2000), that a request to withdraw a guilty plea after sentencing is "in the nature of post conviction relief, and it must be filed timely under La. C.Cr.P. Art. 930.8." *Chauvin*, 814 So. 2d at 2–3 (citing *State v. Lewis*, 421 So. 2d 224, 226 (La. 1982)). The court thus held that petitioner's request to withdraw his guilty plea was untimely because it was filed beyond the two-year time limit for bringing postconviction relief.[5] Doc. 5, pp. 4–5.

On December 16, 2010, petitioner sought a writ of review with the Louisiana Third Circuit Court of Appeal. Doc. 5, att. 1. The Third Circuit court denied writs on August 29, 2011. Doc. 5, att. 2. On September 27, 2011, petitioner appealed to the Louisiana Supreme Court, [doc. 6], which denied the writ application on March 9, 2012. Doc. 6, att. 1.

### C. *Habeas* Application

On March 7, 2013, having exhausted his State court remedies, petitioner filed this *habeas* application. Doc. 1. Petitioner argues that his Cameron Parish plea was obtained in violation of the Sixth Amendment because Sanchez's erroneous advice regarding good-time diminution "plainly constitutes ineffective assistance of counsel" under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 5. Petitioner further argues that this court should overlook the state court's ruling that petitioner's claims were procedurally defaulted. *Id.* at 7. Petitioner argues that, pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), Sanchez's

---

[5] The court distinguished petitioner's case from *State v. Morgan*, 3 So. 3d 456 (La. 2009), a case in which the defendant was allowed to file a motion to correct illegal sentence more than two years after he was sentenced. The court reasoned that the defendant in *Morgan* filed his motion within two months of learning that he was not eligible for parole consideration, whereas in the instant case petitioner did not file his motion until three years after he received actual notice of his ineligibility for good-time diminution. Doc. 5, pp. 4–5. Thus, the court held that petitioner's case was distinguishable, because the motion in *Morgan* was filed timely under article 930.8. *Id.*

ineffective counsel at the "initial review proceedings" establishes cause and prejudice sufficient to overcome the procedural default. *Id.*

On December 2, 2013, the court noted that the *habeas* application is time-barred on its face in accordance 28 U.S.C. § 2244(d)(1)(A), because petitioner did not file it within one year after his Cameron conviction and sentence became final. Doc. 10, p. 1. The court also noted that petitioner's procedural default argument was misplaced insofar as the time limitations period is different from a procedural default and that the cause and prejudice standard is not applicable when an application is untimely. *Id.* Nevertheless, the court construed the petitioner's procedural-default argument as a request for equitable tolling, and allowed the parties an opportunity to brief the issue. *Id.*

## II. LAW & ANALYSIS

Federal courts of the United States have jurisdiction to entertain applications for writs of *habeas corpus* on behalf of a person in State custody if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek *habeas* review in federal court. 28 U.S.C. § 2254(d)(1). This limitation period generally runs from the date that the conviction becomes final. *See* 28 U.S.C. § 2254(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Furthermore, the limitations period is not tolled for the period between the completion of state review and the filing of the federal *habeas* application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a *habeas* petition is time-barred under the provisions of section 2244(d), the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the State courts; and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Here, petitioner was sentenced in Cameron Parish on November 13, 2006. Doc. 1, att. 3. Under Louisiana law the delay for appealing the Cameron sentence elapsed 30 days later on December 13, 2006. LA. CODE CRIM. PROC. ANN. art. 914. Because petitioner did not file an appeal by December 13, 2006, his conviction became "final" on that date. 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had one year to file a *habeas* application in federal court, making his deadline December 13, 2007. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for postconviction or other collateral review was pending would have statutorily tolled the limitations period. 28 U.S.C. § 2244(d)(2). However, petitioner did not seek postconviction relief regarding the Cameron Sentence until May 21, 2010. *See supra* part I.B. Accordingly, the deadline for filing a federal *habeas* application expired on December 13, 2007, and the application is therefore untimely on its face.

**B. Equitable Tolling**

However, the court must decide whether petitioner should be allowed to proceed despite the untimely filing under the doctrine of equitable tolling. A *habeas* petitioner is entitled to equitable tolling if he demonstrates: (1) that he pursued his rights with reasonable diligence; and

(2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing grounds that warrant equitable tolling should relieve him of the untimeliness bar. *Pace*, 544 U.S. at 418 (2005). The determination of whether a circumstance is "extraordinary" is made on a case-by-case basis. *Holland*, 560 U.S. at 649–50. The court must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 650.

Petitioner argues that he has diligently pursued relief and that the circumstances of this case are extraordinary. The court finds neither.

*1. Reasonable Diligence*

Petitioner claims that the first time he learned of **any** post-conviction remedy as to the Cameron Parish sentence was in February or March of 2010 when his current counsel visited him at David Wade Correctional Center. The record shows clearly, however, that petitioner was advised of the availability of this relief and the time limits for bringing same when he entered his guilty plea before the Cameron Parish court on October 26, 2006. Doc. 1, att. 2; *see also* doc. 4, pp. 51–52. While his attorney may not have advised him to seek post-conviction relief in Cameron, petitioner was aware of the remedy as it had previously been explained to him by the court. A *habeas* petitioner is not released from his duty of reasonable diligence simply because he has retained an attorney. *See, e.g., Manning v. Epps*, 688 F.3d 177, 187 (5th Cir. 2012).

Petitioner also does not explain what efforts, if any, were taken during the two-year period between May 30, 2008, (when direct review concluded and Sanchez's representation ended) and May 21, 2010, (when petitioner first filed for postconviction relief in Cameron

Parish). Petitioner failed to seek state collateral relief for two years after Sanchez's representation ended and nearly three-and-one-half years after he was first advised by the court of the collateral review option. Petitioner likewise failed to seek federal *habeas* relief for over five years after his deadline for doing so had passed on December 13, 2007. Considering these delays, the court hold that petitioner did not pursue his rights with reasonable diligence.

    *2. Exceptional Circumstances*

Even if we were to find that petitioner pursued his rights with reasonable diligence, we would also conclude that he has not exhibited any exceptional circumstances that would warrant equitable tolling.

Petitioner states that "Sanchez's actions in failing to disclose his conflict of interest to [petitioner], his advising [petitioner] not to take further action in Cameron, and his continuing to represent [petitioner] despite the obvious conflict/prejudice associated with same must constitute extraordinary circumstances." Doc. 19, pp. 5–6. Petitioner bases this assertion on Sanchez's conduct after being asked whether there was "any course of action" based on the error regarding good-time eligibility. *Id.* at 4.

Petitioner claims that Sanchez had an ethical duty to disclose the "conflict of interest" arising as a result of his continued representation. *Id.* He further states that Sanchez should have "at the very least referred [petitioner] to independent counsel" when petitioner inquired into the possibility of attacking his Cameron plea based on Sanchez's mistake. *Id.* According to petitioner, Sanchez sought to protect himself by advising that the best course of action was to appeal the Calcasieu sentence alone and stating that "the Cameron sentence is not our problem." *Id.* Therefore, petitioner argues, the only reason that he did not seek collateral review of the

Cameron sentence was because Sanchez did not make him aware of this option and that he immediately filed for said relief after his second attorney properly advised him. *Id.* at 5–6.

Egregious attorney misconduct may constitute an extraordinary circumstance such that equitable tolling should apply. *Holland*, 560 U.S. at 652; *see also Maples v. Thomas*, 132 S.Ct. 912. "For attorney error to justify equitable tolling, the professional mistake must 'amount to egregious behavior' and 'create an extraordinary circumstance.'" *Brown v. Thaler*, Fed. App'x 401, 407 (5th Cir. 2011) (quoting *Holland,* 130 S.Ct. at 2563). "'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* As the United States Second Circuit stated *Rivas v. Fischer*, "in order to rise to the level necessary to constitute an extraordinary circumstance, for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." 687 F.3d 514, 538 (2d Cir. 2012) (citations and internal quotation marks omitted).

We do not find Sanchez's actions to have been negligent, much less egregious, under these facts. Sanchez made no careless mistake nor did he miss a deadline. From the information provided to this court it appears as though the course of action taken was a considered decision by counsel to pursue one appeal and not pursue the other. This was a strategic decision and does not amount to an effective abandonment of the attorney-client relationship. As the Cameron Parish judge aptly noted in her reasons for denying postconviction relief, "[i]t is the Calcasieu sentence that is causing problems for [petitioner] and for which [petitioner] is dissatisfied. Had the Calcasieu court imposed a concurrent sentence with the Cameron sentence, I do not think we would be here." Doc. 5, p. 5. This court agrees. Petitioner accepted a twenty-two year sentence

in Cameron, albeit under the erroneous belief that he would be eligible for good-time diminution and that the sentence would run concurrently with the forthcoming Calcasieu sentence.

If petitioner had sought and been allowed to vacate both of his guilty pleas, previously dismissed charges would have been reinstated and, assuming he were to be found guilty of those charges, sentencing on those combined dismissed charges could easily have resulted in a much longer sentence than thirty years. Doc. 5, p. 5. Sanchez apparently sought to minimize the potential exposure by only appealing the Calcasieu sentence in order to reduce petitioner's total sentence to the term originally agreed upon by all parties.  We do not find this decision constitutes misconduct nor is it egregious as contemplated by the *Holland* court in order to constitute an extraordinary circumstance.

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons:

 **IT IS RECOMMENDED** that petitioner's *habeas* application be **DENIED** and **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have 14 days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE